UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS HIRSCH
and
MARIA RUEST,

                      Plaintiffs,

v.                                    Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Nicholas Hirsch, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Maria Ruest, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Portfolio Recovery Associates, LLC, (hereinafter "PRA") is a Limited Liability Company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff, Maria Ruest, incurred a debt. This debt will be referred to as "the subject debt."

11. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff, Maria Ruest allegedly defaulted on the subject debt.

14. That upon information and belief, Defendant, sometime after the alleged default, Defendant was retained and/or allegedly obtained ownership of the debt and began to collect on the the alleged subject debt.

15. That Plaintiff Nicholas Hirsch is not legally responsible for payment of the subject debt.

16. That on or about April 7, 2021 Defendant called Plaintiff Nicholas Hirsch on his landline telephone about the subject debt.

17. That during the intial call, Plaintiff Nicholas Hirsch advised the Defendant to stop calling his telephone number. Plaintiif stated to cease and desist all calls. He also stated that the telephone bill is in his name and the phone was in his name.

18. That on or about April 8 2021,Plaintiff Nicholas Hirsch called the Defendant and for a second time instructed them to not call his telephone number in regards to the alleged subject debt and/or Plantiff Maria Ruest.

19. That on or about April 13, 2021 Defendant contacted Plaintiff Nicholas Hirsch again on his telephone about the subject debt and asked for the Plantiff Maria Ruest.

20. That the Defendant continued to call Plantiff Nicholas Hirsch even though they were advised to cease calling his phone number.

21. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

22. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

23. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

24. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

25. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

26. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

27. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b by calling Plaintiff Nicholas Hirsch other than to confirm or correct Plaintiff Maria Ruest's location information.

    B. Defendant violated 15 U.S.C. §1692b(3) by calling Plaintiff Nicholas Hirsch multiple times despite being instrutcted that the number the Defendant was calling was not a good number for Maria Ruestand.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 29, 2021

        /s/Seth J. Andrews
        Seth J. Andrews, Esq.
        Kenneth R. Hiller, Esq.
        Law Offices of Kenneth Hiller, PLLC
        *Attorneys for the Plaintiff*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: sandrews@kennethhiller.com